```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ROBERT PREISS,

       Plaintiff,
v.                             Case No. 8:12-cv-2826-T-33TGW

THE STATE OF FLORIDA and SECRETARY
OF THE STATE OF FLORIDA,

       Defendants.
_____/

**ORDER**

Robert Preiss's Objection to the Magistrate Judge's Report and Recommendation (Doc. # 18) is before the Court. The Objection was filed on April 4, 2013. Although the Objection was received by this Court after the deadline for filing objections to the Magistrate Judge's Report and Recommendation and after this Court adopted the Magistrate Judge's Report and Recommendation, the Court will consider the Objection as timely filed. After considering the merits of Objection, the Court maintains that dismissal of this action with prejudice is appropriate. The Court's reasoning is outlined below.

**I.**    **Background**

Robert Preiss, R&R Bond Galleries, Inc., and Rodin International, Inc., all purporting to proceed pro se, filed this action against the State of Florida and the Secretary of

the State of Florida on December 14, 2012. (Doc. # 1). These Plaintiffs submitted with their Complaint an application to proceed in forma pauperis. (Doc. # 2). On December 28, 2012, the Magistrate Judge denied the application to proceed in forma pauperis without prejudice. (Doc. # 4). The Magistrate Judge pointed out that the application to proceed in forma pauperis did not comply with the technical requirements of the in forma pauperis statute, 28 U.S.C. § 1915, and the Magistrate Judge also identified several deficiencies within the Complaint. The Magistrate Judge specifically commented, "the affiant has not stated a cognizable claim. Thus, he has submitted a rambling and incoherent document that fails to comply with the Federal Rules of Civil Procedure." (Doc. # 4 at 2). The Magistrate Judge also noted that the Complaint sought to sue state entities that "have sovereign immunity under the Eleventh Amendment." (Id.).

Plaintiffs moved to amend the Complaint, and the Court granted the request; however, the Court warned the corporate Plaintiffs that they were not permitted to appear pro se. (Doc. ## 7, 8). Plaintiffs filed their Amended Complaint on January 9, 2013. (Doc. # 9). On February 12, 2013, the Court dismissed Plaintiffs R&R Bond Galleries, Inc. and Rodin

International, Inc. due to their failure to obtain legal counsel. (Doc. # 14).

On March 6, 2013, Mr. Preiss filed an amended application to proceed in forma pauperis. (Doc. # 15). On March 15, 2013, the Magistrate Judge entered a Report and Recommendation in which he recommended that the application to proceed in forma pauperis be denied and further recommended that the case be dismissed with prejudice. (Doc. # 16). After conducting a careful and complete review of the findings and recommendations, and after the deadline for objections expired, this Court adopted the Report and Recommendation on April 2, 2013. (Doc. # 17).

In dismissing this action, the Court specifically adopted the Magistrate Judge's finding that "the plaintiff has not stated a cognizable claim. The 22-page amended complaint is a rambling and incoherent document that fails to comply with the Federal Rules of Civil Procedure." (Doc. # 16 at 2). This Court further determined that this action is patently frivolous and is asserted against entities immune from suit under the Eleventh Amendment of the United States Constitution. The Court construed Mr. Preiss's pro se filings liberally, but ultimately determined that dismissal with

prejudice was appropriate. Mr. Preiss has now come forward with an Objection to the Report and Recommendation.

## II. Objection to the Report and Recommendation

The Court will consider the Objection as though it had been timely submitted and will address such Objection on the merits. Mr. Preiss contends that Defendants violated his Constitutional rights as well as the rights afforded to him under state law. However, Mr. Preiss has not identified any conduct by either of the Defendants showing any violation of federal or state law.

Among other assertions, Mr. Preiss indicates: "Plaintiff who experienced 'Death by Thousand cuts' and the 'TO MUCH' Standard claims his right under the 5th Amendment to claim retaliation and to exercise his constitutional right (protected conduct) to refuse taking without compensation. (His Freedom inclusive)." (Doc. # 18 at 2)(internal citations omitted). He also submits: "Nothing is more frivolous or malicious as to take ones life ......to take ones freedom, .....to steal, withhold, eliminate evidence to steal and eliminate a life's word. To destroy willfully the sanctuary bond of a family." (Id. at 3).

The Court has given careful consideration to each of Mr. Preiss's submissions and has scrutinized each document. After

so doing, the Court determines that Mr. Preiss fails to bring a cognizable claim. Under 28 U.S.C. § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where the defendants are immune from suit or the claim seeks to enforce a right that does not exist. Id. In addition, a complaint may be dismissed when the complaint fails to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

The Amended Complaint purports to assert claims against the State of Florida and the Secretary of the State of Florida for (1) fraud; (2) breach of contract; and (3) due process of law. As the Magistrate Judge correctly determined, "this complaint is defective." (Doc. # 16 at 3). In addition to suing two entities that are immune from suit (with limited exceptions not satisfied by Mr. Preiss's filings), Mr. Preiss has failed to allege the required elements of the causes of action enumerated in the Amended Complaint.

In Lance v. Wade, 457 So. 2d 1008, 1011 (Fla. 1984), the Court explained, "The elements for actionable fraud are (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is

-5-

false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." None of these elements are even alluded to in count one or elsewhere in the Amended Complaint. There are no grounds presented which would support a claim for fraud against the Defendants. The factual allegations of the Amended Complaint do not touch upon the required elements of this state law claim, much less raise Preiss's right to relief above the speculative level as required by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Mr. Preiss's breach of contract claim, asserted in count two, is also fatally deficient. "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009). Mr. Preiss has not alleged any contractual relationship with the Defendants and his suggestion that these Defendants are liable for breach of contract is implausible on its face.

In addition, the nebulous "Due Process Violations" alleged in count three are not cognizable. Recently, the

-6-

Eleventh Circuit explained, "A Section 1983 procedural due process claim requires a plaintiff to prove three elements: (1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Sharma v. Johnston, No. 11-10488, 2013 U.S. App. LEXIS 6779, at *3 (11th Cir. Apr. 4, 2013)(citing Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011)). Although given several opportunities, Mr. Preiss has not set forth any allegations giving rise to the inference that Defendants deprived him of a property interest or that he was afforded insufficient process with reference to any such deprivation. In addition, he has not asserted allegations that could give rise to a valid claim for violation of substantive due process. See Bailey v. City of Pinellas Park, 147 F. App'x 932, 934 (11th Cir. 2005).

Although Mr. Preiss now attempts via his Objection to recast his claims as arising under other Constitutional provisions or perhaps the federal rico statute, the Court ultimately determines that the Amended Complaint is defective and deficient. The arguments asserted in the Objection do not alter the Court's decision as stated in its Order adopting the Report and Recommendation (Doc. # 17), entered on April 2, 2013. The Amended Complaint does not state a federal rico

claim and is devoid of allegations which plausibly state a claim for the violation of a Constitutional right.

This action is frivolous and the Court determines that any order allowing further amendment would be a futile gesture. The Court previously outlined the deficiencies in the Complaint and gave Mr. Preiss the opportunity to cure such deficiencies. Mr. Preiss failed to do so. Mr. Preiss's Objection to the Report and Recommendation is overruled.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Robert Preiss's Objection to the Magistrate Judge's Report and Recommendation (Doc. # 18) is **OVERRULED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of April, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record